**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC AGEE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI MENDOTA,<br><br>　　　　Respondent. | Case No.: 1:22-cv-01424-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

　　Petitioner is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California.  He filed the instant federal petition on November 4, 2022, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241.  Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED.

**BACKGROUND**

　　On August 22, 2017, Petitioner pled guilty in the United States District Court for the District of Oregon to unlawfully and knowingly possessing with intent to distribute fifty grams or more of methamphetamine (21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)), and possession of a firearm in furtherance of his intent to distribute methamphetamine (18 U.S.C. § 924(c)(1)(A)(i)).  United States v. Agee,

1

6:16-cr-00428-AA-1 (D. Or.).[1] On February 8, 2018, Petitioner was sentenced to a 180-month term of imprisonment. Id. (ECF 58.)

On February 11, 2019, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Id. (ECF 64.)  On May 7, 2020, the sentencing court granted the parties' stipulated request to vacate and set aside the sentence. Id. (ECF 118.)  On September 1, 2020, Petitioner was resentenced to a total term of 120 months. Id. (ECF 130.)  Petitioner filed two motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and both motions were denied. Id. (ECF 132, 144, 148, 159.)

On November 4, 2022, Petitioner filed the instant habeas petition raising a challenge based on the Supreme Court's recent decision in United States v. Taylor, 142 S.Ct. 2015 (2022).

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.).

2

his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65.  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003).  The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim.  Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; accord Marrero, 682 F.3d at 1192.  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction.  Ivy, 328 F.3d at 1060.

Here, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the District of Oregon, rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Oregon District Court, not a habeas petition pursuant to § 2241 in this Court.  Petitioner argues the remedy under § 2255 is inadequate and ineffective because he has not had an unobstructed procedural opportunity to present his claim.  Petitioner's argument is unavailing.  Although Petitioner has filed a prior motion pursuant to § 2255 in the sentencing court, he has not shown that he has sought and been denied authorization to file a second or successive § 2255 motion.  Thus, he has not shown that this avenue of relief is unavailable.

Based on the foregoing, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.  Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be summarily dismissed for lack of jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 9, 2022**            /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE

4